[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Antoni Kusznier alleges that on January 12, 1991, he sustained bodily injuries when his car swerved to the right and struck a telephone pole in order to avoid an impending collision with an uninsured vehicle operated by an CT Page 6483-LL unknown driver. The plaintiff also alleges that at the time of the accident he had an insurance policy with the defendant Metropolitan Property and Casualty Insurance Company which entitles him to recover damages under the uninsured motorist clauses of that policy. The second count sounds in loss of consortium on behalf of Henryka Kusznier, Antoni Kusznier's wife.
The defendant moves for summary judgment on the grounds that the plaintiff can make no evidentiary showing to support his claim.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is n genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law." Connell v. Colwell,214 Conn. 242, 246 (1990); Conn. Practice Book 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell, 214 Conn. at 247.
The plaintiff has no recollection of the accident and no knowledge of any facts to support his claim that his damages are the CT Page 6483-MM result of his attempts to avoid an impending collision with the uninsured vehicle. However, the plaintiff has supplied affidavits from the individuals who visited him in the hospital in which these individuals claim that the plaintiff said that an unidentified individual "ran me over."
The defendant claims that such statements are hearsay and therefore cannot be considered in opposition to the motion for summary judgment. The plaintiff claims that these statements are admissible under the spontaneous utterance exception to the hearsay rule. The spontaneous utterance exception to the hearsay rule "allows otherwise inadmissable statements into evidence to prove the truth of the matter asserted if it is proven that (1) the declaration follows some startling occurrence, (2) the declaration refers to the occurrence, (3) the declarant observed the occurrence, and (4) the declaration is made under circumstances that negate the opportunity for deliberation and fabrication by the declarant." State v. Cayouette, 25 Conn. App. 384, 387 (1991).
The affidavits claim that the plaintiff made the statements while hospitalized with injuries from the accident. Two of the affidavits are from relatives who did not see the plaintiff until at CT Page 6483-NN least two hours after the accident. The third affidavit is from a friend of the plaintiff who did not see the plaintiff until at least thirty minutes after the accident. The defendant claims that the time interval precludes these statements from being admitted under the spontaneous utterance exception to the hearsay rule.
"The time element is but one factor to be weighed by a trial judge, together with any other material facts in circumstances surrounding the statement, when deciding the preliminary question of whether a statement was spontaneous." State v. Stange,212 Conn. 612, 618 (1989). While the short time between the incident and the statement is important, it is not dispositive. Cayouette,25 Conn. App. at 388. Our courts have allowed statements made up to thirty minutes after an occurrence to be admitted under the spontaneous utterance exception to the hearsay rule. Stange, 212 Conn. at 620; Cayouette, 25 Conn. App. at 388. Our courts have cited with approval cases from other jurisdictions where an utterance was considered spontaneous even though the statement was made six and one-half hours after the occurrence. Stange, 212 Conn. at 619 citing People v. Gacho, 122 Ill.2d 221,522 N.E.2d 1146 (1988). It has been recognized that in determining whether an utterance was spontaneous an acceptable time CT Page 6483-OO interval cannot be specified and each case must be decided on its particular circumstances. Stange, 212 Conn. at 618. "The ultimate question is whether the utterance was spontaneous and unreflective and made under such circumstances as to indicate absence of opportunity for contrivance and misrepresentation." Id. at 617. Such a question is "a preliminary question of fact to be determined by the trial judge." Id. (Emphasis added).
The propriety of summary judgment in this case hinges upon the admissibility of the plaintiff's statements at the hospital. Since such an issue presents a question of fact for the trier of facts who must consider all surrounding circumstances, this case cannot be decided on a motion for summary judgment.
Accordingly, the motion is denied.
Goldberg, J.